[No. 1789.]

## Ed. Sanders *v.* The State.

Adultery — Practice — Charge of the Court.— A radical fundamental
error in the charge given by the trial court to the jury in a misdemeanor
case is reversible error, even though such charge was not excepted to on the
trial. See the opinion *in extenso* for a charge of the court in a prosecu-
tion for adultery *held* error, because it left the jury no alternative but to
convict.

Appeal from the County Court of Rusk. Tried below before
the Hon. A. J. Smith, County Judge.

This was a joint indictment against the appellant and Adeline
Blacklock, charging them with the commission together of the of-
fense of adultery. Both were on trial at the same time and both
were convicted, the fine against the appellant Sanders being as-
sessed at $200, and that against Adeline Blacklock at $100. Ed.
Sanders alone prosecutes this appeal.

It appears from the statement of facts that the State proved that
Lew and Adeline Blacklock were husband and wife; that, in Jan-
uary, 1884, they lived in a house on Jord. Sanders's place; that the
appellant and his family moved into the said house on the same day
that Blacklock moved out; that Blacklock took part of the house-
hold furniture of himself and wife, and all of the children save the
infant, and moved off; that his wife Adeline refused to go with
him; that defendant and his family permitted Adeline to stay in
the house with them until she could secure a place to go to; that
she stayed at defendant's house about two months, during which
time she helped defendant's wife about her work; that, about
March 1, 1884, Adeline moved to Harris's place and occupied a
house about fifty yards from her mother's house, where she still
lives; that the defendant Sanders paid frequent but not regular
visits to the house of Adeline's mother, between March and August,
1884, sometimes alone and sometimes in company with his wife,
but he had never been seen in Adeline's house; that, whenever seen
on the Harris place, the defendant was acting as any ordinary vis-
itor would; that, on one occasion, while Adeline was in the house,
the defendant was sitting in front of Adeline's house, talking to one
Fulgum; that, while he was thus talking to Fulgum, Lew Black-
lock, Adeline's husband, slipped up and shot defendant twice with
a shot-gun, loaded, presumably, only with wads; that defendant was

once seen to carry a sack of flour to the Harris place, but this was while he and his family were attending a camp meeting and staying on that place.

A State's witness named Wolfe testified that in June, 1884, when Adeline was staying at defendant's house, the defendant requested him to tell Lew Blacklock that if he, Lew, did not apologize for prosecuting him, defendant, for carrying a pistol, he, defendant, would have him, Lew, prosecuted for stealing Prather's hog; that he, witness, told defendant that he, defendant, ought not to do that so long as Blacklock's wife was as good to him, defendant, as she was; that the defendant replied: "That is none of your business; a man has a fat thing when he can sleep with his wife part of the night, and sleep with another woman the rest of the night, and that is what I am doing with Blacklock's wife."

It was testified, for the defense, that the families of the defendant and Adeline had long been neighbors and friends; that defendant and Adeline had played together as children; that Adeline's mother always felt towards the defendant as though he was one of her own children, and that, when the defendant would stop at her house, she was always glad to see him and would invariably insist on his remaining all night, which he very rarely though sometimes did; that Adeline's mother's house was on the nearest route from Henderson, Rusk county, to the defendant's house; that Adeline's mother had two grown sons, one of whom invariably slept in the room occupied by Adeline and children; that, during the fall preceding this trial, Adeline bore a child that was just like the other children and a perfect image of her husband Lew, who has never repudiated its paternity.

The defendant's wife testified in his behalf that, when she consented that Adeline should remain in the house with the defendant and herself, until she could secure a place, the weather was severely cold, and the said Adeline had a young infant; that the witness's husband, the defendant, was away from home the most of the time during Adeline's stay at the house; that neither Adeline nor the defendant were ever guilty of improper or unseemly conduct in her presence; that the defendant did not sleep part of the time with her, the witness, and part of the time with Adeline; that when the defendant was at home, which was but a fraction of the time, she, the witness, kept him pretty well employed, herself; that Adeline left the house of witness and defendant about the first of March, 1884, and moved to her mother's, where witness and her husband often visited her.

The question discussed in the opinion was raised by the motion for new trial.

*Field & Buford,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. In a misdemeanor case, if a radical, fundamental error occurs in the charge given to the jury, it is reversible error even though the charge was not excepted to on the trial. (*Haynes* v. *The State,* 2 Texas Ct. App., 84; *Marks* v. *The State,* 10 Texas Ct. App., 334.)

Attention of the court was specially called to the objectionable charge by appellant's motion for a new trial in this case. The charge complained of is in these words and is found in the first paragraph, viz.: "If you believe that Ed. Sanders and Adeline Blacklock, the defendants in this case, in the county of Rusk and State of Texas, at any time within two years before the filing of the indictment in this case, did then and there, as charged in the indictment in this case, live together and have carnal intercourse with each other, or did then and there have habitual carnal intercourse with each other without living together, the said Adeline Blacklock being then and there lawfully married to another man — other than the said Ed. Sanders — you will find them each guilty of adultery; *otherwise you will.*" Under this charge it is manifest that the jury were left no alternative but to find defendants guilty, as they did by the verdict. It may be that subsequent portions of the charge, when it is considered as a whole, tended to correct this error to some extent, but we cannot say that it did not control the jury to the prejudice of appellant. A special charge was asked for defendant, which was properly overruled because the main proposition therein stated was not law, and the instruction was moreover obnoxious in its being upon the weight of evidence.

For the error we have pointed out in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]